UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

PAUL ORSELLO,

        Plaintiff,

v.

STEVEN, JULIE, ROBERT, and PEARL GAFFNEY,

        Defendants.

Civil No. 09-2272 (JNE/SRN)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Plaintiff's "Application To Proceed Without Prepayment of Fees," (Docket No. 2), by which he is seeking permission to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be dismissed for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(h)(3).

**I. BACKGROUND**

Plaintiff's pro se complaint is poorly written, and difficult to comprehend. As far as the Court can tell, Plaintiff is claiming that he was wrongly removed from certain real property where he previously lived. It appears that one of the named Defendants, Steven Gaffney, pursued some type of legal action, presumably in the Minnesota state court system, which caused Plaintiff to be "evicted" from the property at issue. Plaintiff alleges that an attorney named Alan Tschida helped Defendant Steven Gaffney during the course of those prior court proceedings.

Plaintiff claims that Steven Gaffney and Alan Tschida "conspired to defraud the plaintiff from his house/property and is [sic] using the laws to extort money from the plaintiff." (Complaint, pp. 3-4.) According to Plaintiff's complaint, "Alan [Tschida] seems to know how to make these judges react in their orders by wording things or using words out of context in his motions and using psychology on the court to defraud me [i.e., Plaintiff] of my civil rights and procedure/process." (Id., p. 5.)

Plaintiff contends that Defendants have "committed a felony against the Plaintiff" under Minnesota state law by "not having a license to sell real estate or to advise the plaintiff on documents." (Id.) He is "requesting relief from the court in the form of an investigation according to local rule 83.6(E)(1) of U.S. District court, and... relief from the court, as it deems fair and equitable." (Id.)

## II. DISCUSSION

Fed. R. Civ. P. 12(h)(3) requires that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." "Subject matter jurisdiction... is a threshold requirement which must be assured in every federal case." Turner v. Armontrout, 922 F.2d 492, 293 (8th Cir. 1991).

In this case, Plaintiff has not pleaded any cognizable claim that can be entertained in federal court. Plaintiff's complaint alludes to various federal statutes, including 42 U.S.C. § 1983, but Plaintiff has not alleged any facts showing that any of the named Defendants did anything, (or failed to do anything), that could cause them to be liable to Plaintiff under federal law.

The Court notes, in particular, that Plaintiff has not pleaded an actionable § 1983 civil rights claim against any named Defendant. To bring a § 1983 claim, a plaintiff must

2

allege, (and ultimately prove), that the named defendants violated the plaintiff's constitutional rights, while the defendants were acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). A § 1983 claimant must allege facts showing "'(1) [a] violation of a constitutional right, (2) committed by a state actor, (3) who acted with the requisite culpability and causation to violate the constitutional right.'" Hart v. City of Little Rock, 432 F.3d 801, 804 (8th Cir. 2005), cert. denied, 547 U.S. 1207 (2006), quoting Kuha v. City of Minnetonka, 365 F.3d 590, 606 (8th Cir. 2003), quoting, in turn, Shrum v. Kluck, 249 F.3d 773, 777 (8th Cir. 2001).

In this case, Plaintiff has failed to plead an actionable civil rights claim, because he has not alleged that the named Defendants are state employees or agents. For this reason alone, Plaintiff has failed to plead an actionable § 1983 civil rights claim. Moreover, even if Plaintiff had alleged that Defendants were state actors, (although nothing in his submissions suggests that he could properly make such an allegation), his complaint still would not state an actionable § 1983 claim, because he has not described any violation of his federal constitutional rights. To the contrary, it appears that Plaintiff's claims, (to the extent they can be understood), are based primarily on state (not federal) legal theories – e.g., fraud, "wrongful eviction," and violations of state real estate laws.[1]

The Court has also considered Plaintiff's repeated references to Local Rule 83.6, which governs disciplinary proceedings against attorneys who have been admitted to practice law in the United States District Court for the District of Minnesota. Rule 83.6 is

---

[1] The Court cannot exercise subject matter jurisdiction over Plaintiff's state law claims under the diversity of citizenship statute, (28 U.S.C. § 1332), because it clearly appears, on the face of the complaint, that plaintiff and all defendants are residents of the same state – namely Minnesota.

clearly inapplicable here, because none of the named Defendants is a member of the bar of the District of Minnesota. For this reason alone, Plaintiff cannot bring a claim against any of the named Defendants under Local Rule 83.6. Furthermore, Rule 83.6 merely prescribes the procedures to be used <u>by the Court</u> to discipline attorneys who fail to comply with the Court's rules and regulations; it does not create any cause of action enforceable by private parties.[2]

## III. CONCLUSION

In sum, the present action cannot be entertained in federal court, because Plaintiff has not identified any viable grounds for federal subject matter jurisdiction. The Court will therefore recommend that this action be summarily dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3), and that Plaintiff's pending IFP application be denied. Having determined that this action must be dismissed for lack of subject matter jurisdiction, the Court will further recommend that Plaintiff's collateral motion requesting "an investigation," and a "stay on Minnesota Supreme Court order," (Docket No. 3), be summarily denied.[3]

---

[2] The Court notes that Alan Tschida is a member of the bar of the Minnesota District Court. However, Attorney Tschida is not a named Defendant in this case. Furthermore, even if Tschida were a Defendant, he could not be sued under Local Rule 83.6, because the Rule does not create a private cause of action; and, in any event, Plaintiff's complaint does not describe any specific act or omission by Attorney Tschida that violates the rules and regulations governing the practice of law in this District.

[3] It should be noted that if Plaintiff is seeking federal court review of any Minnesota state court proceedings, his claims are clearly barred by the <u>Rooker-Feldman</u> doctrine. <u>See</u> <u>Exxon Mobil Corp. v. Saudi Basic Industries Corporation</u>, 544 U.S. 280, 284 (2005) (<u>Rooker-Feldman</u> bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the [federal] district court proceedings commenced and inviting district court review and rejection of those judgments").

**IV. RECOMMENDATION**

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be **DENIED**;

2. Plaintiff's pending collateral motion seeking "an investigation," and a "stay on Minnesota Supreme Court order," (Docket No. 3), be **DENIED**; and

3. This action be **DISMISSED** for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3).


Dated: August 31, 2009

                                            s/ Susan Richard Nelson
                                            SUSAN RICHARD NELSON
                                            United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **September 15, 2009** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.